**RECORD NO. 13-4825**

IN THE

# United States Court of Appeals

### FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

ROBERTO TEXIDORE,

*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
AT CHARLOTTE

**OPENING BRIEF OF APPELLANT
ROBERTO TEXIDORE**

Leslie Carter Rawls
ATTORNEY AT LAW
Post Office Box 38325
Charlotte, NC 28278
(704) 583-1279
leslierawls@carolina.rr.com

*Counsel for Appellant*                                    January 27, 2014

**LANTAGNE LEGAL PRINTING** 801 East Main Street Suite 100 Richmond, Virginia 23219 (804) 644-0477
A Division of Lantagne Duplicating Services

# TABLE OF CONTENTS

Table of Authorities ................................................................................ ii

Jurisdictional Statement ........................................................................... 1

    Basis for District Court Jurisdiction ................................................... 1

    Basis for Appellate Court Jurisdiction ................................................ 1

Issues Presented For Review ................................................................... 2

Statement of the Case ............................................................................... 2

Summary of the Argument ....................................................................... 4

Argument .................................................................................................. 5

    Did the trial court commit substantive and procedural error when it failed to explain on the record its individualized assessment of the factors supporting the chosen modification of Texidore's supervised release conditions? ........................................................................................ 5

        Standard of Review ....................................................................... 5

        Legal Analysis ............................................................................... 6

Conclusion .............................................................................................. 12

Certificate Of Compliance ...................................................................... 13

Certificate of Service .............................................................................. 14

# TABLE OF AUTHORITIES

Federal Cases

*Gall v. United States*, 552 U.S. 38, 128 S. Ct. 586, 169 L. Ed. 2d 445 (2007) ................................................................................................................ 8, 9, 11

*Rita v. United States*, 551 U.S. 338, 127 S. Ct. 2456, 168 L. Ed. 2d 203 (2007)......8

*United States v. Carter*, 564 F.3d 325 (4th Cir. 2009) ................................. 9, 10, 11

*United States v. Crudup*, 461 F.3d 433 (4th Cir. 2006)....................................... 6, 11

*United States v. Hargrove*, 625 F.3d 170 (4th Cir. 2010) .........................................5

*United States v. Hernandez*, 603 F.3d 267 (4th Cir. 2010) .....................................10

*United States v. Olano*, 507 U.S. 725, 113 S. Ct. 1770, 123 L. Ed. 2d 508 (1993) ..6

*United States v. Texidore*, 494 F. App'x 339 (4th Cir. 2012) *cert. denied*, 133 S. Ct. 897, 184 L. Ed. 2d 696 (2013) ............................................................................2

*United States v. Wilkinson*, 590 F.3d 259 (4th Cir. 2010) ......................................10

*United States v. Young*, 470 U.S. 1, 105 S. Ct. 1038, 84 L. Ed. 2d 1 (1985) ..... 6, 11

Federal Statutes

18 U.S.C. § 922 (2010) .......................................................................................1, 2

18 U.S.C. § 3231 (2011) .........................................................................................1

18 U.S.C. § 3553 (2013) ......................................................................... 7, 8, 9, 11

18 U.S.C. § 3583 (2013) ......................................................................................1, 8

18 U.S.C. § 3742 (2013) .........................................................................................2

28 U.S.C. § 1291 (2013) .........................................................................................2

## JURISDICTIONAL STATEMENT

**Basis for District Court Jurisdiction**

Appellant Roberto Texidore ("Texidore") appeared in the District Court for the Western District of North Carolina based on allegations that he violated the conditions of his supervised release after serving a term of imprisonment. The original sentence was imposed after a jury convicted Texidore of possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1) (2010). The District Court had jurisdiction over the initial plea pursuant to 18 U.S.C. § 3231 (2011). On 24 October 2013, the Honorable Max O. Cogburn, Jr., District Court Judge, conducted a hearing on the supervised release violation report. The District Court had jurisdiction to impose supervised release as part of the sentence and to modify or revoke supervised release pursuant to 18 U.S.C. § 3583 (2013).

**Basis for Appellate Court Jurisdiction**

Judge Cogburn's order modifying the supervised release conditions was signed and filed on 29 October 2013. Texidore filed *pro se* notice of appeal on 28 October 2013. Judge Cogburn's modification judgment from which this appeal arises was a final judgment of the District Court, disposing of all matters at issue in the trial court. A judgment modifying the conditions of supervised release in a

- 1 -

federal criminal case is a final order subject to appeal and this court has jurisdiction under 28 U.S.C. § 1291 (2013) and 18 U.S.C. § 3742 (2013).

## ISSUES PRESENTED FOR REVIEW

1. Did the trial court commit substantive and procedural error when it failed to explain on the record its individualized assessment of the factors supporting the chosen modification of Texidore's supervised release conditions?

## STATEMENT OF THE CASE

On 17 August 2010, the Grand Jury in the Western District of North Carolina returned an indictment, charging Texidore with possession of a firearm by felon in violation of 18 U.S.C. § 922(g)(1). (JA 11–12) Texidore pleaded not guilty and was tried by jury. On 5 November 2010, the jury found him guilty as charged. In a sentencing hearing on 2 November 2011, Presiding Judge Max O. Cogburn, Jr. sentenced Texidore to 37 months imprisonment, followed by three years supervised release, and a $100.00 special assessment. Texidore appealed and the Fourth Circuit Court of Appeals affirmed the judgment in an unpublished opinion on 13 September 2012. (JA 3–8 and 13–18) *United States v. Texidore*, 494 F. App'x 339 (4th Cir. 2012), *cert. denied*, 133 S. Ct. 897, 184 L. Ed. 2d 696 (2013).

On 21 June 2013, Texidore began his supervised release period, but was unable to find housing. On 9 July 2013, the United States Probation Officer filed a

- 2 -

"Request for Modifying the Conditions or Terms of Supervision with Consent of the Offender". The modification was requested because Texidore could not secure housing and was homeless, and to enable him to obtain counselling. (JA 18–21) Judge Cogburn granted the requested modifications, as follows:

> The defendant shall submit to the local Residential Reentry Center for a period of not more than 6 months, with work release, at the direction of the U.S. Probation Officer. The defendant shall abide by all of the rules and regulations established by the facility until released.
>
> The defendant shall submit to a mental health evaluation/treatment program under the guidance and supervision of the U.S. Probation Officer. The defendant shall remain in treatment and maintain any prescribed medications until satisfactorily discharged by the program and/or with the approval of the U.S. Probation Officer.

(JA 19)

On 29 August 2013, the probation officer petitioned for a warrant based upon an alleged violation by Texidore's non-compliance with the residential substance abuse center's rules and resulting release from the center. (JA 46–56) Excerpts from Texidore's sealed presentence report are included in the petition, which is therefore filed as a separate, sealed Joint Appendix volume.) Texidore was arrested on 20 August 2013. He appeared before the magistrate judge, was advised of his rights and charges, and had counsel appointed. Texidore was then detained until his revocation hearing. (JA 8–9)

On 24 October 2013, Texidore appeared before Judge Cogburn for the supervised release revocation hearing. (JA 22) Through appointed counsel,

- 3 -

Texidore admitted the violations. (JA 23) His attorney asked the court to put Texidore back on supervised release, "at a term that would be suitable to you, electronic monitoring, or to that effect, if those would be necessary for you." (JA 27–28) If the court was unwilling to continue supervised release, counsel asked that Judge Cogburn impose a term at the low end of the six to twelve month applicable range. (JA 28) The Government argued for an eight-month sentence followed by a further period of supervised release. (JA 31) Judge Cogburn revoked Texidore's supervised release, committed him to custody for six months, followed by a 24-month supervised release period. Additional conditions included six months of house arrest, residing with a relative approved by his probation officer or, if no residence is available, at the McLeod Center, and an initial alcohol assessment. (JA 33–37)

The judgment was filed on 29 October 2009. (JA 40–43) On 28 October 2013, Texidore filed *pro se* notice of appeal from his supervised release violation sentence. (JA 44–45)

## SUMMARY OF THE ARGUMENT

In sentencing a defendant, the trial court must correctly calculate the applicable guideline range, give the parties an opportunity to argue for a particular sentence, consider the relevant statutory sentencing factors, select a sentenced

based on an individualized assessment of the facts of the case, and adequately explain the chosen sentence on the record in order to allow for meaningful appellate review and promote the perception of fair sentencing. Failure to engage in these steps is procedural error. The statutory considerations apply to sentences that modify supervised release conditions as well as initial sentences. In this case, the trial court did not state a specific, particularized basis for the modified supervised release conditions, such as would demonstrate an individualized assessment of the facts. The lack of an individualized assessment on the record constitutes substantive and procedural error. Therefore, Texidore's modified supervised release conditions must be vacated and the case remanded.

## ARGUMENT

**Did the trial court commit substantive and procedural error when it failed to explain on the record its individualized assessment of the factors supporting the chosen modification of Texidore's supervised release conditions?**

*Standard of Review*

Texidore did not object at trial to the court's explanation of his sentence. Therefore, the appellate standard of review is plain error. *United States v. Hargrove*, 625 F.3d 170, 183 (4th Cir. 2010). To establish plain error, Texidore must show (1) that the district court erred, (2) that the error is clear or obvious, and (3) that the error affected his substantial rights, meaning that it "affected the

outcome of the district court proceedings." *United States v. Olano*, 507 U.S. 725, 732, 113 S. Ct. 1770, 123 L. Ed. 2d 508 (1993). When this burden has been met, the reviewing court has the discretion to recognize the error and will deny relief unless the district court's error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* at 736 (alteration in original) (quoting *United States v. Young*, 470 U.S. 1, 15, 105 S. Ct. 1038, 84 L. Ed. 2d 1 (1985)) (internal quotation marks omitted).

*Legal Analysis*

Appellate review of an initial sentence requires the reviewing court to (1) determine whether there was any significant procedural error and (2) determine whether the sentence imposed is substantively sound. The trial court must explain with particular specificity the reason for its chosen sentence and the lack of such an explanation constitutes significant procedural error. This process applies equally to the court's modifying a supervised release violation, which is at issue in this case.

In *United States v. Crudup*, 461 F.3d 433 (4th Cir. 2006), this Court held that the trial court's revocation of supervised release should be reviewed to determine whether the revocation sentence is plainly unreasonable and that the review involves both procedural and substantive considerations. *Id.* at 437–438. Moreover, this Court held that the revocation sentence is procedurally reasonable if the trial court considered the Chapter 7 policy statements and pertinent factors in

- 6 -

18 U.S.C. § 3553 (2013), and is substantively reasonable if the trial court stated a proper basis for its sentencing decision. *Crudup, supra,* at 440.

Although a supervised release revocation hearing occurs later than initial sentencing, the trial court must consider factors in 18 U.S.C. § 3553, just as in initial sentencing. The statute regarding modification or revocation of supervised release terms refers to these factors. It provides:

> Modification of conditions or revocation.--The court may, after considering the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)--
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice;
> (2) extend a term of supervised release if less than the maximum authorized term was previously imposed, and may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision;
> (3) revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony, more than 3 years in

- 7 -

prison if such offense is a class B felony, more than 2 years in prison if such offense is a class C or D felony, or more than one year in any other case; or
(4) order the defendant to remain at his place of residence during nonworking hours and, if the court so directs, to have compliance monitored by telephone or electronic signaling devices, except that an order under this paragraph may be imposed only as an alternative to incarceration.

18 U.S.C. § 3583(e) (2013)

In *Gall v. United States*, 552 U.S. 38, 128 S. Ct. 586, 169 L. Ed. 2d 445 (2007), the Supreme Court relied on *Rita v. United States*, 551 U.S. 338, 127 S. Ct. 2456, 168 L. Ed. 2d 203 (2007) to clarify the required sentencing procedure. The Court held that the district court must correctly calculate the applicable guidelines range, give both parties an opportunity to argue for a particular sentence, consider all the applicable 18 U.S.C. § 3553 factors, and "make an individualized assessment based on the facts presented." *Gall*, 552 U.S. at 49-50. The reviewing court must consider whether the district court committed any significant procedural error, said *Gall*, including "failing to adequately explain the chosen sentence . . .." *Gall*, 552 U.S. at 51. In this case, the trial court discussed with the probation officer, Texidore's housing options upon release, (JA 31–33) and then, without explaining any considered 18 U.S.C. § 3553 factors, said:

> THE COURT: Find somewhere to go. Yeah. But it's got to be approved by the probation office. I mean, it's almost like it's childish. It's almost like, "you're not the boss of me". Kids always say that. They don't want anybody telling me, you're not the boss of me.

> Well, the problem you got, Mr. Texidore, because you committed crimes, there are people that are the boss of you. There are people going to tell you what to do, until you work through this problem. And you keep extending it. You keep taking the goal line and putting it out there because of your attitude.
>
> When you get through with all of this, you're right, nobody will be the boss of you, as long as you don't violate the law again. Then somebody will be the boss of you. Might be a prison guard for a good portion of the rest of your life. It may be a probation officer, but somebody's going to be telling you what to do until you can get to the end of the line. You had a goal line out there, but you pushed it out now.

(JA 32–33)

Without providing any further explanation or identifying which 18 U.S.C. § 3553 factors were considered, the trial court then revoked Texidore's supervised release, committed him for six months, followed by up to six months of house arrest with electronic monitoring or placement in a halfway house if no other housing is available, and set the remaining supervised release term as 24 months. (JA 33–37) The trial court provided no explanation to show the required individualized assessment of the 18 U.S.C. § 3553 factors. *Gall*, *supra.*

In *United States v. Carter*, 564 F.3d 325 (4th Cir. 2009), the government appealed a probationary sentence after where the guideline range was properly calculated as 37–46 months. This Court vacated the sentence and remanded, because "the district court failed to state any particularized basis to support its chosen sentence. Therefore, this court held that it "cannot uphold the sentence as

- 9 -

procedurally reasonable or determine its substantive reasonableness." *Carter*, 564 F.3d at 326. *Carter* establishes the continuing principle that the particularized reason must be stated on the record.

In the present case, like *Carter,* the trial court failed to state any particularized basis for the sentence imposed when it revoked and modified Texidore's supervised release. As in *Carter*, the district court therefore committed substantive and procedural error. *Carter*, 564 F.3d at 326. *See also United States v. Wilkinson*, 590 F.3d 259 (4th Cir. 2010) (An individualized assessment on the record is critical, because the reviewing court may not guess at the trial court's rationale for choosing a particular sentence.)

In *United States v. Hernandez*, 603 F.3d 267 (4th Cir. 2010), the defendant argued unsuccessfully on appeal that the trial court erred by failing to adequately explain the particularized reason for the chosen sentence. Unlike the present case, the district court in *Hernandez* stated on the record that it had considered the statutory factors and concluded that a guidelines sentence accomplished the purposes of the statute. *Id.*, 603 F.3d at 272. It then imposed the sentence that the defendant had requested. In affirming Hernandez's sentence, this court held that sentence outside the guideline range requires a more detailed explanation than a sentence within the range and that the trial court's explanation for Hernandez's sentence was adequate. Although Texidore received a guidelines sentence, the

- 10 -

present case is distinguishable from *Hernandez*. In this case, the trial court made no reference to 18 U.S.C. § 3553(a) and gave no explanation of the factors considered in modifying Texidore's sentence. This court's holding in *Carter*, 564 F.3d 325, applies to these facts, to wit:

> Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an "individualized assessment" based on the particular facts of the case before it. This individualized assessment need not be elaborate or lengthy, but it must provide a rationale tailored to the particular case at hand and adequate to permit "meaningful appellate review." Because the record here does not demonstrate that the district court conducted such an assessment and so does not reveal why the district court deemed the sentence it imposed appropriate, we cannot hold the sentence procedurally reasonable.

*Carter*, 564 F.3d at 330 (Internal citations and footnotes omitted.)

The record in the present case contains no explanation of the judge's chosen sentence. The lack of an individualized assessment is substantive and procedural error under the holdings of this court and the United States Supreme Court. With no explanation showing that the required factors were considered, the sentence "seriously affect[s] the fairness, integrity and public reputation of judicial proceedings." *Young, supra*, 470 U.S. 1. The lack of a statement regaring particularized basis for the sentence is substantive and procedural error. *Gall, Carter,* and *Crudup*, 461 F.3d 433 The sentence modifying Texidore's supervised release, therefore, must be vacated.

- 11 -

## CONCLUSION

The trial court committed substantive and procedural error when it revoked and modified Mr. Texidore's supervised release term without stating the particularized basis for its sentence. Therefore, the sentence should be vacated and the matter remanded for a new sentencing hearing.

Respectfully submitted, this the 27th day of January 2014.

*Leslie Carter Rawls*
_____
Leslie Carter Rawls
Attorney at Law
N.C. State Bar #11066
P.O. Box 38325
Charlotte, NC 28278
704-583-1279

## CERTIFICATE OF COMPLIANCE

I.  This brief has been prepared using fourteen point, proportionally spaced typeface, specifically Microsoft Word 2000, Courier New, 14 point.

II. Exclusive of the table of contents, table of authorities; statement with respect to oral argument; any addendum containing statutes, rules or regulations; and the certificate of service, this brief of the appellant contains:

      12   Pages

   2,869  Words

I understand that a material misrepresentation can result in the Court's striking this brief and imposing sanctions. If the Court so directs, I will provide an electronic version of the brief and/or a copy of the word or line printout.

_/s/ Leslie Carter Rawls_
Leslie Carter Rawls

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing Appellant's Brief by

ECF service to the government:

**For Appellee United States:**
Amy E. Ray
Assistant United States Attorney
usancw.appeals@usdoj.gov


This the 27th day of January 2014.

_____
Leslie Carter Rawls

- 14 -